US DISTRICT COURT
WESTERN DIST ARKANSAS
**FILED**
02/19/2019

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EVANJELINA RODRIGUEZ and**                                    **PLAINTIFFS**
**JASON DAVIDSON, Individually and**
**on Behalf of Others Similarly Situated**

vs.                          No. 5:19-cv-5 035  PKH

**GEORGE'S, INC.**                                              **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Evanjelina Rodriguez and Jason Davidson, individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant George's, Inc., they do hereby allege and state as follows:

### I.    JURISDICTION AND VENUE

1.    Plaintiffs Evanjelina Rodriguez and Jason Davidson, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

2.      Plaintiffs further bring this claim against Defendant for lost wages, lost benefits, economic and non-economic damages, prejudgment interest, liquidated damages, and all other actual monetary losses sustained as a result of Defendant's violations of the Family Medical Leave Act of 1993 ("FMLA").

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and FMLA.

5.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the FLSA federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

7.      Defendant conducts business within the State of Arkansas, operating a poultry production and processing plant.

8.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9.    Plaintiffs are and were, respectively, employed by Defendant at its plant in Springdale. Therefore, the acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

10.    Plaintiff Evanjelina Rodriguez ("Plaintiff Rodriguez") is a resident and citizen of Washington County.

11.    At all times relevant to this Complaint, Plaintiff Rodriguez was a salaried or hourly employee at Defendant's plant in Springdale.

12.    Plaintiff Jason Davidson ("Plaintiff Davidson") is a resident and citizen of Monroe, Louisiana.

13.    At all times relevant to this Complaint, Plaintiff Davidson was a salaried employee at Defendant's plant in Springdale.

14.    At all times material herein, Plaintiffs and those similarly situated to Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

15.    At all times material herein, Plaintiffs and those similarly situated were not paid 1.5 times their regular rate of pay for all hours that they worked in excess of forty per week in violation of the FLSA and the AMWA.

16.    Defendant is an "employer" within the meanings set forth in the FLSA, AMWA and FMLA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

17.    Defendant is a domestic, for-profit corporation.

18.    Defendant's registered agent for service of process is K.C. Dupps Tucker of The Law Group of Northwest Arkansas, LLP, located at 1830 Shelby Lane, Fayetteville, Arkansas 72704.

19.    Defendant is a poultry production and processing plant.

20.    Defendant has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

21.    Defendant's annual gross volume of sales is not less than $500,000.00.

22.    Defendant has more than four employees.

### III.    **FACTUAL ALLEGATIONS**

#### A. Plaintiff Evanjelina Rodriguez

23.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.    Plaintiff Rodriguez has been employed by Defendant since 2008.

25.    Defendant kept at least some records on Plaintiff Rodriguez and directly paid her wages for services.

26.    During the period relevant to this lawsuit, Plaintiff Rodriguez's titles were Human Resources Receptionist and Supervisor.

27.    Plaintiff Rodriguez was promoted to Supervisor in December of 2018.

28.    As a Supervisor, Plaintiff Rodriguez is typically required to work at least sixty-six hours per week; her scheduled shift is 3:00 p.m. to approximately 2:00 a.m., six days per week.

29.    Since Plaintiff Rodriguez was promoted to Supervisor, Defendant has classified her as exempt from the overtime requirements of the FLSA and the AMWA and has not paid her overtime premiums for the hours she worked in excess of forty (40) in a workweek.

30.    As a Supervisor, Plaintiff Rodriguez's primary duty is checking warehouse inventory.

31.    Plaintiff Rodriguez has no ability to hire or fire any employee and does not conduct performance evaluations.

32.    Plaintiff Rodriguez does not provide recommendations about hiring or firing that are given particular weight.

33.    Plaintiff Rodriguez does not have the authority to discipline any hourly employees.

34.    On February 4, 2019, Plaintiff Rodriguez went to work to report that she was seriously ill.

35.    Plaintiff Rodriguez reported to work because Defendant does not allow Supervisors to phone in due to illness.

36.    Defendant's nurse took Plaintiff Rodriguez's temperature, which was 103 degrees.

37.    Plaintiff Rodriguez's manager told her that, despite her high fever, she had to either work or "look for another job."

38.    Plaintiff Rodriguez's manager stated that doctors' notes "mean nothing" to him.

39.    Plaintiff Rodriguez asked to take a vacation day so she could go to the doctor.

40.    Plaintiff Rodriguez was diagnosed with strep throat.

41.    Plaintiff Rodriguez's doctor stated that she could return to work no earlier than February 6th and gave her a note to that effect.

42.    Plaintiff Rodriguez returned to work on the 6th; her manager then intimidated and threatened her for not working on Monday and Tuesday.

43.    Plaintiff Rodriguez had at least 1,250 hours of service for Defendant during the 12-month period immediately preceding February 4, 2019.

44.    Defendant employed 50 employees within 75 miles of the location where Plaintiff Rodriguez performed her duties for Defendant.

45.    As a result of Defendant's denial of Plaintiff's statutory rights, Rodriguez has incurred the loss of wages, benefits, and other damages.

### B. Plaintiff Jason Davidson

46.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if set for fully in this section.

47.    Plaintiff Davidson was employed by Defendant from July of 2017 until August of 2018.

48.    Defendant kept at least some records on Plaintiff Davidson and directly paid him wages for his services.

49.    During the period relevant to this lawsuit, Plaintiff Davidson's title was Area Manager/Superintendent.

50.     As Area Manager/Superintendent, Plaintiff Davidson was typically required to work a minimum of 60-70 hours per week over the course of at least five (5) days.

51.     Defendant classified Plaintiff Davidson as exempt from the overtime requirements of the FLSA and the AMWA and did not pay him overtime premiums for the hours he worked in excess of forty (40) in a workweek.

52.     As Area Manager/Superintendent, Plaintiff Davidson's primary duty was production oversight.

53.     Plaintiff Davidson had no ability to hire or fire any employee and did not conduct performance evaluations.

54.     Plaintiff Davidson had no authority to discipline employees unless he was specifically instructed to do so.

55.     Plaintiff Davidson was always strongly pressured not to take any time off for illness.

56.     When Plaintiff Davidson was too sick to report to work, he was written up for missing days due to illness.

57.     Plaintiff Davidson suffered from medical conditions the prohibited from working for a period of three or more days and required a course of treatment in excess of a week.

58.     In the alternative, Davidson's medical condition or conditions entitled him to intermittent leave.

59.     Plaintiff Davidson was terminated for missing days when he was sick.

60.    Plaintiff Davidson had at least 1,250 hours of service for Defendant during the 12-month period immediately preceding his termination.

61.    As a result of Plaintiff Davidson's termination, he has incurred the loss of wages, benefits, and other damages.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

62.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated into this section.

63.    Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

C.    Liquidated damages and attorney's fees.

64.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs will file written Consents to Join this lawsuit.

65.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

66.     The members of the proposed class are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA;

B.      They shared the same or similar job title(s); and

C.      They performed the same non-managerial duties.

67.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Class but believe that the number exceeds 30.

68.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all employees at its poultry plant and all salaried employees having the titles of Supervisor and Area Manager/Superintendent or equivalent titles.

69.     The names, cell phone numbers, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message and first-class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claims.

## V.  **FIRST CAUSE OF ACTION**

### **(Individual Claim for Violation of the FLSA)**

70.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

71.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

73.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

74.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

75.    Defendant intentionally misclassified Plaintiffs as exempt from the overtime requirements of the FLSA, when in fact Plaintiffs were non-exempt employees entitled to overtime pay.

76.    Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

77.    Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

78.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

79.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

80.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

81.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

82.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

83.    Defendant misclassified Plaintiffs as exempt from the overtime requirements of the AMWA, when in fact Plaintiffs were non-exempt employees entitled to overtime pay.

84.    Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

85.    Defendant willfully failed to pay overtime wages to Plaintiffs.

86.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

87.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

88.   Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

89.   At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

90.   Defendant misclassified Plaintiffs and all similarly situated members as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

91.   Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

92.   Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

93.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    FOURTH CAUSE OF ACTION

### (Violations of the FMLA)

94.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

95.    At all relevant times, Defendant was the "employer" of Plaintiffs within the meaning of the FMLA.

96.    At all relevant times, Plaintiffs were "employees" of Defendant within the meaning of the FMLA.

97.    Defendant violated the FMLA and applicable regulations by taking unlawful steps of interfering with, restraining, or denying the exercise of, or the attempt to exercise, Plaintiffs' rights under the FMLA.

98.    The absences that Plaintiffs took were due to serious health conditions as that term is defined in the FMLA and its implementing regulations.

99.    Defendant wrongfully interfered with, restrained, or denied Plaintiffs' right to take FMLA protected leave.

100.    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiffs suffered damages, including but not limited to, economic and non-economic benefits, interest in all amounts they would have received calculated at their prevailing rate, and attorneys' fees and costs.

101.    Pursuant to the FMLA, Plaintiffs are entitled to and seek an additional amount as liquidated damages equal to the sum of their lost wages or salary, benefits, or other compensation denied or loss to them by reason of Defendant's violations of the FMLA and interest.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Evanjelina Rodriguez and Jason Davidson, individually and on behalf of all others similarly situated, respectfully pray as follows:

A.    That Defendant George's, Inc., be summoned to appear and answer this Complaint;

B.    For orders regarding certification of and notice to the proposed class members;

C.    For an order of this Honorable Court entering judgment in favor of Plaintiffs and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D.    For liquidated damages as provided for under the FLSA and the AMWA;

E.    For entry of a declaratory in favor of Plaintiffs, decreeing that their federally protected rights under the FMLA have been violated;

F.    For economic and non-economic damages, interest, and liquidated damages;

E.    For attorneys' fees, costs, and pre-judgment interest; and

F.    For such other and further relief as this Court deems appropriate, including any necessary injunctive relief for Defendant's failure to comply with the requirements of the FMLA.

Respectfully submitted,

**EVANJELINA RODRIGUEZ and**
**JASON DAVIDSON, Individually**
**and on Behalf of All Others**
**Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011170
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com