IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EVANJELINA RODRIGUEZ and**                         **PLAINTIFFS**
**JASON DAVIDSON, Individually and**
**on Behalf of Others Similarly Situated**

vs.                      No. 5:19-cv-5035-TLB

**GEORGE'S, INC.**                                         **DEFENDANT**

## PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

COME NOW Plaintiffs Evanjelina Rodriguez and Jason Davidson ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys of Sanford Law Firm, PLLC, and for their Motion for Costs and Attorneys' Fees state as follows:

1. Plaintiffs filed this case on February 19, 2019, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*, to recover unpaid wages.

2. Following discovery, motion practice, a period for joining opt-in plaintiffs, and settlement negotiations, the parties entered into a settlement agreement that reserved the issue of attorneys' fees.

3. Despite negotiations, the parties were unable to agree to a reasonable amount of attorneys' fees and costs. Accordingly, Plaintiffs present the Court with this request for an award of these items.

Page 1 of 4
Evanjelina Rodriguez, et al. v. George's, Inc.
U.S.D.C. (E.D. Ark.) No. 5:19-cv-5035-TLB
Plaintiffs' Motion for Costs and Attorneys' Fees

4. The FLSA requires that in an action for unpaid minimum wages under the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

5. Similarly, the AMWA provides that a court may award costs and reasonable attorneys' fees against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a).

6. As explained in the briefing, a reasonable fee is the product of attorney hours and the market rate of the attorneys. The Eighth Circuit has not asked this Court to interpose its own opinion about what hourly rates for attorneys should be, but instead has directed the district courts to determine, as best they can, what the market is saying is the reasonable hourly rate for attorneys. *See Estes v. Buell*, Case No. 4:18-cv-00026-KGB, Doc. No. 50 (E.D. Ark., Filed 5/25/2020) (identifying hourly rates awarded in Arkansas district courts and the Eighth Circuit of $300.00, $350.00 and $400.00)

7. As shown on the Billing Spreadsheet attached hereto as Exhibit 1, Plaintiffs incurred $120,873.75 in attorneys' fees through August 30, 2020, to successfully litigate their claims. Plaintiffs categorized and summarized billing by attorney and category of work for the Court's convenience in reviewing this request.

8. Defendant's insistence on running up the cost of litigation is the reason that the invoice is so large.

9. Further, Plaintiffs' counsel reviewed and edited the billing, excluding or reducing charges that might have been considered as excessive, redundant, or

Page 2 of 4
Evanjelina Rodriguez, et al. v. George's, Inc.
U.S.D.C. (E.D. Ark.) No. 5:19-cv-5035-TLB
Plaintiffs' Motion for Costs and Attorneys' Fees

otherwise unnecessary or appropriate for reduction. Through the exercise of billing judgment, Plaintiffs' counsel identified $46,621.25 in fees that Plaintiffs have chosen to exclude from the total amount requested in this fee petition—not because the stated work was not performed, and not because the work was not done efficiently. This self-auditing is done so that the Court can grant this Motion as written, and without need for any further reductions of any kind. Plaintiffs have already reduced the invoice by more than enough.

10. After subtracting the fees described above, Plaintiffs are requesting an award of $74,252.50 in attorneys' fees, based on a reduction in billable hours of 37.25%.

11. As shown in detail on Plaintiffs' Costs Invoice (Exhibit 3), Plaintiffs also incurred $1,578.14 in costs other than attorneys' fees during litigation. Plaintiffs Are entitled to these costs under the FLSA, 29 U.S.C. § 216(b), and under Rule 54(d).

12. Accordingly, Plaintiffs request a total award of costs and attorneys' fees in the amount of $75,830.64.

13. In support of this Motion, Plaintiffs attach hereto and incorporate herein the following exhibits:

    Ex. 1    Billing Entries Spreadsheet Sorted by Date;
    Ex. 2    Declaration of Attorney Josh Sanford; and
    Ex. 3    Costs Invoice

14. This Motion is supported by a contemporaneous Memorandum Brief.

WHEREFORE, Plaintiffs respectfully request that their Motion for Costs and Attorneys' Fees be granted in its entirety, that the Court award Plaintiffs fees and costs

Page 3 of 4
Evanjelina Rodriguez, et al. v. George's, Inc.
U.S.D.C. (E.D. Ark.) No. 5:19-cv-5035-TLB
Plaintiffs' Motion for Costs and Attorneys' Fees

in the amount of $75,830.64 and for all other just and equitable relief to which Plaintiffs may be entitled.

          Respectfully submitted,

          **EVANJELINA RODRIGUEZ and**
          **JASON DAVIDSON, Individually**
          **and on Behalf of All Others**
          **Similarly Situated, PLAINTIFFS**

          SANFORD LAW FIRM, PLLC
          ONE FINANCIAL CENTER
          650 SOUTH SHACKLEFORD, SUITE 411
          LITTLE ROCK, ARKANSAS 72211
          TELEPHONE: (501) 221-0088
          FACSIMILE: (888) 787-2040

          Lydia H. Hamlet
          Ark. Bar No. 2011170
          lydia@sanfordlawfirm.com

          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawfirm.com

**Page 4 of 4**
**Evanjelina Rodriguez, et al. v. George's, Inc.**
**U.S.D.C. (E.D. Ark.) No. 5:19-cv-5035-TLB**
**Plaintiffs' Motion for Costs and Attorneys' Fees**