IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EVANJELINA RODRIGUEZ, *Individually and*                                      PLAINTIFFS
*on Behalf of All Others Similarly Situated; and*
JASON DAVIDSON


vs.                                               Civil No. 5:19-cv-05035


GEORGE'S, INC                                                                 DEFENDANT


## ORDER

Before the Court is Plaintiffs' Motion for Costs and Attorney Fees.  ECF No. 59.  *Id.* Defendant has responded.  ECF No. 61.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Erin L. Wiedemann referred this Motion to the undersigned for decision. A hearing was held on this Motion on March 10, 2021, and this matter is now ripe for decision.

**1. Background:**

Plaintiffs filed this Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq, to recover unpaid wages.  On August 14, 2020, the parties executed a written settlement agreement after participating in a settlement conference.  The settlement agreement resolved the Plaintiffs' claims and the parties agreed to present the issue of attorney's fees and costs to the Court.

According to the Motion, Plaintiffs incurred $120,873.75 in attorneys' fees through August 30, 2020.  Prior to filing the Motion, and after a conducting a billing review, Plaintiffs reduced the incurred fees and now request $74,242.50 in attorneys' fees.  Plaintiffs also seek to recover

$1,578.14 in costs. Accordingly, Plaintiffs request a total award of costs and attorneys' fees to their counsel, the Sanford Law Firm, in the amount of $75,830.64.

In Response, Defendant argues the requested fees by Plaintiffs are unreasonable and should be reduced by $49,110.18 at a minimum with $25,142.32 being the maximum possible fee award. ECF No. 61. Defendant then argues that based upon the totality of circumstances and the fact that this matter involved no novel issues, that the maximum reasonable amount of fees should not exceed $15,000.00. *Id.*

## 2. Applicable Law:

Where an employer has been found to have violated the AMWA, he shall be liable to the employee for "costs and such reasonable attorney's fees as may be allowed by the court." Ark. Code Ann. § 11-4-218(a)(1)(B)(ii). In determining a reasonable attorney fee award in FLSA and AMWA cases, the starting point is the "lodestar", which multiplies the number of hours reasonably expended by a reasonable hourly rate. Then, "in extraordinary circumstances" the Court may adjust the "lodestar", but "there is a strong presumption that the lodestar is sufficient." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 546 (2010). In determining whether such extraordinary circumstances exist, the Court "may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[1] *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability

"The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Morales v. Farmland Foods, Inc.*, 2013 WL 1704722, at *5 (D. Neb. Apr. 18, 2013) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). "A reasonable fee is one that is adequate to attract competent counsel but does not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384 (E.D. Ark. June 9, 2020) (quoting *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991)) (modifications adopted). "An attorney fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales*, 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

A district court has discretion to determine the number of hours to be awarded when conducting the "lodestar" calculation. *See Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014) (reviewing the district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge,

---

of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted).

### 3. Discussion:

The Court will first calculate the lodestar by determining a reasonable rate and reasonable number of hours worked and then address any remaining issues.

#### A. Reasonable Hourly Rates

Plaintiffs have requested the following hourly rates for work performed: $300.00 for Josh Sanford, $225.00 for Vanessa Kinney, $175.00 for Lydia Hamlet, and $175.00 for Steve Rauls. Defendant states the rates for Lydia Hamlet and Steve Rauls have been approved in previous cases and no objection is made for their requested rate. Defendant requests a maximum hourly rate of $250.00 for Josh Sanford and $175.00 for Vanessa Kinney.[2]

Josh Sanford has provided the Court his declaration asserting that he is a licensed attorney practicing primarily in the United States District Courts of Arkansas. ECF No. 59-2. Mr. Sanford states he is familiar with customary and reasonable fees of attorney's practicing in this District. He states the hourly rates requested by himself and Ms. Kinney are reasonable. Mr. Sanford has previously been awarded the hourly rate of $300.00 in this District. *See Murdock v. McNair*, 2018 WL 6314569 (W.D. Ark. Dec. 3, 2018) and *Hill-Smith v. Silver Dollar Cabaret, Inc.,* 2020 WL 4741917 (W.D. Ark. Aug. 14, 2020). Likewise, the requested hourly rate of $225.00 for Ms. Kinney has been allowed in *Miller v. Centerfold Entertainment Club, Inc*., No. 6:14-CV-6074-PKH, ECF No. 79, (W.D. Ark. Sept. 11, 2017) and *Franklin v. Magnolia Flooring Mill, LLC*., No.

---

[2] Notably, Defendant does not submit any evidence as to what a reasonable hourly rate for lawyers should be in this type of case in this District.

1:17-CV1073-SOH, ECF No. 61, (W.D. Ark. June 10, 2019).  The Court sees no reason to depart from the prior decisions of other Judges in this District and finds the following hourly rates to be reasonable:  $300.00 for Josh Sanford, $225.00 for Vanessa Kinney, $175.00 for Lydia Hamlet, and $175.00 for Steve Rauls.

### B. Reasonable Number of Hours Worked

Plaintiffs' counsel submitted a billing spreadsheet which showed a total of 593.5 hours expended by counsel in representing Plaintiffs.  ECF No. 59-1.  The Sanford Law Firm indicates in its Motion and at the hearing in this matter, that prior to filing the Motion its billing records were reviewed and it "exercised billing judgment to identify certain fees that should be deducted" from their request.  ECF No. 60, Pg. 5.  These deductions were intended to "exclude hours that are excessive, redundant or otherwise unnecessary" for representation of the Plaintiffs.  ECF No. 60, Pg. 7.  After this review and reduction, the Sanford Law Firm requested compensation for a total of 420.45 hours of attorney time expended in this matter.

In its Response, the Defendant challenged very few specific instances of alleged unreasonable billing.  Instead, they primarily rely on previous cases where Sanford Law Firm requests for attorney fees were reduced.  Fee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered.  Because the attorney fee request of the Sanford Law Firm was reduced in a previous case is of little relevance with this case.  Defendant's reason for not specifying what requested billable hours are unreasonable is best summed up by its own response, "it is impractical to go through SLF's 125 pages of billing records with a fine tooth comb, . . . "  ECF No. 61, Pg. 5.  Yet this is exactly what Defendant asks this Court to do.  It is difficult to see how the Court can justify reducing an attorney fee, which has been sworn to by an officer of the Court, Josh Sanford, when the party requesting

the reduced fee did not bother to even "go through" the billing records with any specificity.  Further, Defendant did not proffer any evidence (testimony, declaration, affidavit or sworn statement, from any practicing attorney as to what a reasonable hourly rate would be or what services were reasonable or unreasonable) that the Sanford Law Firm billing was unreasonable.[3]

The Court should not reduce an award *sua sponte;* rather, it can only do so in response to specific objections made by the opposing party. *See Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 719 (3d Cir.1989). Once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request. *See id*.  Absent a specific challenge to a billing entry the Plaintiff has no notice of the need to defend a contested portion of its fee petition.

As previously mentioned, Plaintiffs incurred $120,873.75 in attorneys' fees through August 30, 2020.  However, after a conducting a billing review, Plaintiffs reduced the requested fees by 37.25% and are requesting with this Motion, $74,242.50 in attorneys' fees and $1,578.14 in costs.  Plaintiffs set forth a detailed listing of the billing reductions, by category of attorney and service rendered, in their pleadings.  ECF No. 60, Pg. 8.

As to the objections raised by Defendant, the Court makes the following findings and adjustments:

---

[3] The Third Circuit in *Bell v. United Princeton Properties, Inc*., 884 F.2d 713, 715 (3d Cir.1989) recognized that a party opposing a statutory attorney fee request need not offer an affidavit to challenge a specific fee request.  However, the challenging party must submit briefs that identify the portion of the fee request challenged and state the grounds for the challenge.  *See id*.  In this case, other than general categories of types of services rendered, the Defendant challenged very few specific portions of the fee request.

### i. Staff Time

Defendant objects to all "staff" related billing from being considered. Plaintiffs seek 49.3 hours of work performed by "staff" at an hourly rate of $25.00. ECF No. 60, Pg. 6. It is unclear which employees comprise the "staff" and without a designation it can only be assumed this refers to support staff. The Court will not approve fees for "staff."[4]

### ii. Client Communications

Defendant objected to any hours being awarded for Plaintiffs' Counsel having communications with their clients. ECF No. 61, Pg. 6. The Court finds this position unreasonable and untenable. Defendant points out that in depositions several Plaintiffs discussed their preparation communication with Plaintiffs' Counsel. However, rather than object to specific time requested by Plaintiffs, Defendant simply indicated, without supporting evidence or specific argument, the entries "lacked credibility" and were "excessive". *Id*. Without some specificity regarding what claimed attorney time is unreasonable or unnecessary, the Court declines to reduce the hours submitted for client communication and certainly would not find in any instance, as advocated by Defendant, that no time be allowed for attorney client communication.

---

[4] While there do not appear to be any appellate cases discussing allowing "staff" time to be recovered in the fee shifting context, Defendant cites two cases before the Hon. Billy Roy Wilson, Eastern District of Arkansas, where billing for staff time was specifically not allowed. *See Burton v. Nilkanth Pizza Inc.,* 2020 WL 4939470 (E.D. Ark. Aug. 24, 2020) and *Jones v. RK Enterprises of Blytheville, Inc.*, 2016 WL 1091094 (E.D. Ark March 21, 2016). The Court finds Judge Wilson's decision in these cases persuasive on this point.

### iii. Opposing Counsel Communications

Here Defendant did pose a specific objection. Plaintiffs request 17.8 hours for communication with opposing counsel. Defendant indicated it reviewed its own records and found that only 12.6 hours of communication between counsel occurred. ECF No. 61, Pg. 7. The Court recognizes counsel for each party very well may have recorded differently or failed to record various contacts between counsel. Accordingly, the Court finds 15 hours of time for opposing counsel communication to be reasonable and awards that amount to Plaintiffs.

### iv. Settlement Related Time

Defendant objects to Plaintiffs' claim of 27.2 hours for preparation and attendance at the settlement conference. ECF No. 61, Pg. 7. Defendant admits the settlement conference lasted 7 hours. *Id.* Further Defendant admits its counsel spent one day in preparation for this conference. *Id.* Sanford Law Firm had two attorneys represent Plaintiffs at the settlement conference. The Court, based on its own experience in conducting settlement conferences in this precise type of case, finds that having two lawyers present is reasonable. Two lawyers preparation for one day plus attendance at a 7 hour long settlement conference would be in excess of 27.2 hours. Accordingly, the Court finds this portion of the fee request to be reasonable.

### v. Case Management Time

Defendant objects to any time spent by Plaintiffs' counsel on case management and requests such time be disallowed. ECF No. 61, Pg. 8. As with other types of claimed attorney time, Defendant does not object to a single instance of specific billing. Rather, Defendant relies on language from a previous unrelated case, *Cook v Beemac Foods, Inc.*, 2019 WL 2418753 (W.D. Ak June 10, 2019). Disallowing all entries for case management is not reasonable. The Court

declines to reduce any fee to which there was no specific objection, or even an argument of what is specifically wrong with the requested time.

### vi.  Fee Petition

Plaintiffs request 12.2 hours for drafting fee petition.  This amount was reduced by Plaintiffs from 36 hours shown in the billing records.  Defendant asserts the entire request of 12.2 hours should be denied, because the Sanford Law Firm's requests in other unrelated cases have been reduced.  ECF No. 61, Pg. 8.  Again, Defendant makes no specific objection to any specific billing entry, instead it simply asks the court to discount the entire time claimed, despite claiming the billing records were too voluminous for it to even review in detail.  The Court finds 12.2 hours for drafting the fee petition to be reasonable.

### vii. Inter-Office Conferences

Plaintiffs' Motion requests 27.8 hours for time spent with inter-office conferences between Sanford Law Firm lawyers.  Sanford Law Firm initially had 121.7 hours reflected in its billing records for inter-office conferences.  ECF No. 60, Pg. 8.  After review and prior to filing this Motion, Sanford Law Firm reduced this total record billing by 77% to request 27.8 hours.  *Id.* Defendant objects and requests this category of fees be completely disregarded.  ECF No. 61, Pg. 9.  Defendant again makes no specific objection to any specific entry for requested fees.  Simply disallowing all time spent by lawyer within a firm discussing one of its cases is not reasonable. The Court finds the requested time for interoffice conference reasonable and will not reduce this category further.

### viii. Motion For Sanctions

On June 24, 2020, Defendant filed a Motion for Sanctions against Plaintiffs in this case. ECF No. 51.  The Sanford Law Firm responded on behalf of Plaintiffs.  ECF No. 54.

Defendant now requests no fee be awarded for this legal service. ECF No. 61, Pgs. 9-10. The Court declines to reduce this request of 12.5 hours. Defendant filed the Motion and Plaintiffs were obligated to respond. The Motion was ultimately considered moot and never ruled on by the Court because of the settlement of this case. ECF No. 63. The time spent by the Sanford Law Firm in responding to a Motion for Sanctions in this case was reasonable.

### ix. Discovery Related Billing

Plaintiffs request 86.5 hours for discovery related legal services. This amount was reduced from 106.5 hours in the Sanford Law Firm billing records. ECF No. 60, Pg. 8. Defendant suggests Sanford Law Firm should only be compensated for 16 total hours, which represents 2 hours per Plaintiff for depositions and 4 hours total for reviewing discovery from Defendant. ECF No. 61, Pgs. 10-11. As for the remaining 70.5 hours of billing, Defendant merely says this time was "excessive" and generally mentions double billing, vague billing, and intra-office communication. *Id.* Defendant does not object to a single specific billing entry. Absent specific objections, the Court finds the requested time for discovery related matters to be reasonable.

### C. Costs

Plaintiffs seek $1,578.14 in costs. ECF No. 59-3. Defendant objects to the calculation of costs. ECF No. 61, Pg. 14. According to Defendant, three depositions took place in this case on December 2, 3, and 4, 2019. However, Plaintiffs' spreadsheet provided shows hotel costs for travel to depositions on November 26, 2019 and December 6, 2019 and does not provide any supporting documentation such as receipts. Defendant argues costs should be $565.00. *Id.*

In their Reply, Plaintiffs' have attached receipts for costs related to travel for depositions referenced in Defendant's objections. ECF No. 65-1. The receipt dated December 9-11, 2019, is

for hotel accommodations during the depositions of Plaintiffs which were scheduled for December 10-12 and were cancelled by defense counsel on the afternoon of December 9.

Accordingly, the Court will overrule Defendant's objections to costs and will award Plaintiffs' $1,578.14 for costs.

### 4. Loadstar Amount:

Based on the above findings and discussions, the Court must now determine the final lodestar amount. As noted above, the following hourly rates will be used in making a lodestar determination: $300.00 for Josh Sanford, $225.00 for Vanessa Kinney, $175.00 for Lydia Hamlet, and $175.00 for Steve Rauls. The Court, likewise, finds that the following hours worked are reasonable: 32.35 for Josh Sanford, 76.50 for Vanessa Kinney, 176.10 for Lydia Hamlet, and 83.40 for Steve Rauls. In coming to this conclusion, the Court has considered the *Johnson* factors and finds these hour amounts reasonable. While this case was relatively straightforward, it involves a fairly specialized area of legal expertise and the case itself lasted nearly 2 years. Accordingly, the Court finds that the final lodestar amount is $72,330.00. The Court has also considered whether some "extraordinary circumstances" exist here that would justify adjusting the "lodestar" amount. *See Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 546 (2010). Because "there is a strong presumption that the lodestar is sufficient" and no specific problem or unreasonable request pointed to by Defendant, the Court declines to make further adjustment to the requested fee. *See id.*

### 5. Conclusion:

For the reasons stated above, the Court finds that Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 59) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are awarded $72,330.00 in attorneys' fees and $1,578.14 in costs.

**IT IS SO ORDERED this 23rd day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE